**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>JESSE MENDIVIL, SR.,<br><br>Defendant/Petitioner. | Case No. EDCV 20-1577 VAP<br>(**EDCR 14-107 VAP**)<br><br>**Memorandum and Order**<br>**Denying Motion Under 28**<br>**U.S.C. Section 2255 and**<br>**Dismissing Action**<br>**[Doc. No. 1]** |

## I. PROCEEDINGS

Jesse Mendivil, Sr. ("Mendivil" or "Petitioner") filed a Motion to Vacate, Set Aside, or Correct Sentence, etc. ("Motion") on August 5, 2020.  (Doc. No. 1.)  Respondent United States of America ("Respondent") filed its Opposition ("Opp'n") to the Motion on September 22, 2020.  (Doc. No. 7.)  Petitioner filed a Reply on October 19, 2020.  (Doc. No. 8.)

---

[1] Docket entries in this Order refer to the docket in Case No. EDCV 20-1577 VAP.  Docket entries in Petitioner's underlying criminal case, Case No. EDCR 14-107 VAP, are referred to as "Cr. Doc."

1

## II.    BACKGROUND

After a three-day trial, a jury convicted Petitioner of conspiracy to distribute or possess with intent to distribute heroin and methamphetamine, in violation of 21 U.S.C. § 846, as charged in Count One of the Indictment. (Cr. Doc. Nos. 1711, 1718.)  The jury also found that the conspiracy Petitioner joined involved the trafficking of at least 50 grams of methamphetamine and less than 100 grams of heroin.  (Cr. Doc. No. 1718.) The Court sentenced Petitioner to 240 months in custody and five years supervised release.  (Cr. Doc. Nos. 1991, 1998.)

Petitioner appealed his conviction and sentence to the Ninth Circuit Court of Appeals, raising the following four grounds:

- The trial court erred when it denied Petitioner's motion to dismiss the Indictment based on the misconduct of investigating federal officers;

- The evidence was insufficient to support Petitioner's conviction for conspiracy to distribute heroin and methamphetamine and the jury's finding as to the methamphetamine quantity;

- The trial court abused its discretion in admitting evidence regarding the Mexican Mafia;

- Petitioner's sentence was excessive.

United States District Court
Central District of California

2

(Doc. No. 1.)

The Ninth Circuit affirmed Petitioner's conviction and sentence on February 21, 2019.[2]  (Cr. Doc. No. 2262, 2292.)  This Motion followed.

## III.   DISCUSSION

Petitioner raises six claims for relief in his Motion, all asserting he was denied his Sixth Amendment right to effective assistance of counsel.

## A.   Legal Standard

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his counsel's performance was deficient and (2) that such deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The standard for deficient performance is deferential.  "There is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998) (quoting *Strickland,* 466 U.S. at 689)  If the petitioner fails to establish either prong of the *Strickland* test, relief cannot be granted.  *Strickland,* 466 U.S. at 700.

---

[2] Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

United States District Court
Central District of California

Post-hoc complaints about the strategy or tactics employed by defense counsel are typically found insufficient to satisfy the first prong of *Strickland*. *See* 466 U.S. at 690; *see also People of Territory of Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984) ("A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel."); *see United States v. Simmons*, 923 F.2d 934, 956 (2d Cir. 1991) (appellant's displeasure with strategy employed by trial counsel insufficient to establish ineffectiveness).

In order to show prejudice, "[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**B.     Claim One:  Trial Counsel's Stipulation to Drug Amount**

Petitioner claims his trial counsel's decision not to contest the nature and quantity of the drugs distributed in the conspiracy in which he was charged, such that no laboratory reports were admitted into evidence, constituted ineffective assistance.  (Mot. at 1-2.)

Petitioner has failed to establish either prong of the *Strickland* test, and hence he has not shown he is entitled to relief on this basis.  It appears that Petitioner's trial counsel made a tactical decision to stipulate to the amount and type of drugs at issue rather than having live testimony or written reports admitted.  The theory of Petitioner's defense was set out in his lawyer's opening statement, where he told the jury that Petitioner was on trial on only one charge, conspiracy; that the Government's case against his client consisted of conversations obtained from a Government wiretap; that nowhere in the wiretapped conversations would the jurors hear Petitioner entering into an agreement of any kind with Jonathan Brockus, the head of the conspiracy, to deal heroin or methamphetamine.  (Cr. Doc. No. 2096 (Reporter's Transcript "RT") at 24.)  Trial counsel told the jury that although Brockus and Petitioner were "close friends," and discussed debts owed Brockus by others,  "[i]n none of the calls is there any evidence of Jesse Mendivil conducting any sales or purchases of drugs."  (*Id.*)  And, counsel told the jury, the Government would be presenting evidence about the drugs seized from *others* allegedly in the conspiracy.  (*Id.* at 24-25.)  His closing argument mirrored this theme.  (Cr. Doc. No. 2097 (RT) at 30-36.)

United States District Court
Central District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Thus, it was a reasonable tactical decision to avoid drawing the jury's attention to the amount of heroin and methamphetamine seized, and instead direct its interest to whether or not the Government had proved Petitioner was a member of the conspiracy.  As no defense theory turned on whether methamphetamine and heroin actually were found in the amounts alleged, it was a reasonable strategy for defense counsel to stipulate to this information rather than drawing greater attention to it by having it elicited in live testimony.

Post-hoc complaints about the strategy or tactics employed by defense counsel are typically found insufficient to satisfy the first prong of *Strickland*.  *See* 466 U.S. at 690; *see also Santos*, 741 F.2d at 1169.

Although failure to satisfy the first *Strickland* prong is sufficient to doom this claim, Petitioner has failed to show prejudice as well.  He has not alleged, much less shown, any dispute about the Government's evidence regarding the type and amount of drugs seized.  *See Lemon v. United States*, 335 F.3d 1095, 1096 (8th Cir. 2003) (defense counsel's decision to stipulate that controlled substance found in apartment with defendant was crack cocaine was not ineffective assistance; counsel's decision was part of reasonable trial strategy in which counsel sought to disprove element of

6

possession rather than drug type, and stipulation did not prejudice defendant).

For all these reasons, Petitioner is not entitled to habeas relief on his first claim.

**C.     Claim Three: Appellate Counsel's Failure to Challenge Alleged Instructional Error Regarding Dual Expert and Percipient Witness Testimony**

Petitioner complains his appellate counsel was ineffective because he failed to raise on direct appeal the alleged instructional error surrounding the admission of testimony by San Bernardino County Sheriff's Office Sergeant Michael Martinez[3], who testified both as a percipient witness and as an expert witness on gang drug trafficking operations and jargon.  (Mot., Ex. B at 6-9.)   Respondent argues this claim is procedurally defaulted because Petitioner did not raise it on direct appeal.  (Opp'n at 6.)  This is incorrect, for several reasons.

---

[3] Petitioner includes SA Matthew Tylman's trial testimony in this claim, but Agent Tylman only testified as a percipient witness.

7

United States District Court
Central District of California

First, the United States Supreme Court has ruled unequivocally that ineffective assistance of counsel claims may be raised for the first time in a section 2255 motion.  "[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."  *Massaro v. United States*, 538 U.S. 500, 509 (2003).

Secondly, Petitioner did challenge the admission of testimony regarding the Mexican Mafia and Westside Verdugo gangs and their drug trafficking operations in his direct appeal.  (*See* Mot., Ex. A.)  Claims or arguments raised on appeal are not cognizable in a § 2255 motion.  *See United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) (claims previously raised on appeal "cannot be the basis of a § 2255 motion."); *United States v. Curry*, 589 F.2d 993, 995 (9th Cir. 1979) ("[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding.")

Thus, the only issue that is cognizable now is Petitioner's claim that his counsel did not object to the instructions given about dual capacity witnesses.  This claim lacks merit.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Petitioner's trial counsel filed a motion in limine seeking to bar or limit the Government's introduction of expert testimony about the coded terms used by drug traffickers and the methods by which gangs such as the Mexican Mafia operate.  (Cr. Doc. Nos. 1667, 1692.)  In *United States v. Vera*, the Ninth Circuit held that "[a] law enforcement officer testifying as an expert in drug jargon may also testify as a lay witness if he was involved in the investigation."  *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014).  Such dual testimony may lead to juror confusion, however, and the trial court in that case erred by failing to instruct the jury about "what attendant circumstances are in allowing a government case agent to testify as an expert."  (*Id.*)

In the present case, the trial court denied the motion in limine, but it did instruct the jury, immediately before Sergeant Martinez testified, about how to treat the evidence of a witness who testified both in the capacities of a percipient and expert witness.  (Cr. Doc. No. 2106, RT at 80-81.)  It gave each juror a physical copy of the instruction to place into their juror notebooks along with the other instructions.  (*Id.*)  Petitioner complains that this was the only time during trial that the jury was so instructed, but cites no authority holding that failure to repeat the instruction constituted error.  More importantly, at the end of the trial, the Court did instruct the jury on the

9

proper consideration of expert testimony and testimony from percipient witnesses.  (Cr. Doc. No. 1720.)

Thus, the jury was instructed as *Vera* requires.  Moreover, even if any error occurred by failure to repeat the instruction, it was harmless.  Plain error must only be remedied when a defendant shows a reasonable probability the error affected the outcome of the trial.  Fed. R. Crim. P. 52(b); *United States v. Marcus*, 560 U.S. 258, 262 (2010).

In *United States v. Torralba-Mendia*, 784 F.3d 652, 661-61 (9th Cir. 2015), the Ninth Circuit held the trial court's failure to give a curative instruction when admitting dual testimony was not prejudicial, noting that (1) the agent's testimony was bifurcated by having him qualified to opine on immigrant smuggling operations and then testifying on those matters before testifying as a percipient witness; (2) requiring sufficient foundation for the opinion testimony; and (3) sufficient other evidence that connected the defendant to the conspiracy.   Similarly, in the present case, Sergeant Martinez first testified about his education, experience and training that qualified him to opine on street gang drug trafficking operations, before describing his investigative work in the case.  (Cr. Doc. No. 2106 at 60-81.)  (And, as mentioned above, the Court instructed the jury on the different treatment of expert and

United States District Court
Central District of California

United States District Court
Central District of California

percipient testimony and gave each member of the jury a copy of the in-

struction.)  He sufficiently explained the bases for his opinions to the jury.


        Finally, sufficient evidence apart from Martinez's testimony linked Pe-

titioner to the conspiracy, including the multiple wiretapped conversations

between Petitioner and Jonathan Brockus, a distributor of both metham-

phetamine and heroin under the auspices of the Mexican Mafia.  Those con-

versations, as well as the conversations between other members of the con-

spiracy, showed that Petitioner worked for his co-conspirator Brockus, who

distributed drugs in bulk, often on consignment, to lower level dealers who

would then sell the drugs in smaller quantities to users.  They also demon-

strated that Petitioner often acted as a debt collector when dealers failed to

pay or fell behind on payments to Brockus; that he acted as an enforcer to

protect Brockus's exclusive right to collect taxes from drug sales in areas

occupied by the West Side Verdugo gang; that he reported his enforcement

and collection efforts directly to Brockus; that he had an in-depth under-

standing of Brockus's operations and business model.  Accordingly, even

assuming without deciding that any instructional error occurred, Petitioner

has not shown that any error affected the outcome of the trial.

**D.      Claim Two:   Amendment of the Indictment**

Petitioner argues his appellate counsel provided ineffective representation "when he failed to raise the claim about the evidences introduced at trial together with the final jury instruction constituted impermissible constructive amendment of the indictment and/or prejudicial variance (sic)."  (Mot. Ex. B at 2.)

The Government responds cursorily that this issue was raised unsuccessfully on direct appeal and hence it cannot be relitigated.  (Opp'n at 10-11.)  Again, this is incorrect:  Petitioner did not argue on direct appeal that there was an impermissible amendment of the indictment or variance between the indictment and proof at trial, although his insufficiency of evidence claim did bear on this issue.  In any event, this claim lacks merit.

Petitioner appears to be complaining that the indictment charged him with conspiracy to possess with the intent to distribute *both* heroin and methamphetamine, but the Government only proved his participation in a conspiracy to distribute heroin; hence, there was an impermissible variation between the indictment and proof at trial.  (*Id.* at 3.)  This argument depends, in turn, on the argument (raised on direct appeal, and rejected by the Circuit Court), that there was insufficient evidence to support his

United States District Court
Central District of California

conviction for conspiracy to possess with the intent to distribute methamphetamine. As detailed above, and in this Court's Order denying the motion for a judgment of acquittal (Cr. Doc. No. 1928), and in the Memorandum decision issued by the Ninth Circuit (Cr. Doc. No. 2262), this argument fails: There was ample evidence to sustain the conviction and the jury's finding as to the amount of drugs. In other words, there was no variance between the indictment and the verdict, because the Government indeed proved the charged conspiracy, i.e., a conspiracy to distribute methamphetamine and heroin. Petitioner has failed to show he is entitled to relief on the basis of his second claim.

**E.     Claims Four, Five and Six:  Instructional Error and Failure to Call Witnesses**

In his last three claims Petitioner argues he was deprived of effective assistance of counsel when his lawyer failed to request a jury instruction limiting Petitioner's responsibility for the drugs seized from his co-conspirators (Claim 4) and failed to call two witnesses, ("Lucky" and former FBI Special Agent Scott Bowman) to testify at trial (Claims 5 and 6). (Mot. at 9-13.)

13

### 1. Instructional Error

On his direct appeal, Petitioner argued at length that the evidence at trial was insufficient to establish his participation in a conspiracy, and particularly any agreement to distribute methamphetamine.  (App. Op. Br. at 26-33, *United States v. Mendivil*, 753 Fed. Appx. 486 (9th Cir. 2019) (No. 17-50349.)  In its Memorandum decision, the Court of Appeals rejected Petitioner's arguments regarding insufficient evidence of his participation in the conspiracy to distribute heroin and more than 50 grams of methamphetamine.  (Cr. Doc. No. 2262.)

The Court instructed the jury on the elements of the conspiracy with which Petitioner was charged, and his counsel argued to the jury in closing that the Government had not proven the conspiracy charge against Petitioner.  (Cr. Doc. No. 2097 at 30-37.)   Even if counsel had sought an instruction of the type Petitioner describes, there is no likelihood it would have been given.  Hence, Petitioner has failed to show prejudice.  "[T]he failure to take a futile action can never be deficient performance. . . ."  *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996).

### 2.      Failure to Call Witnesses

Petitioner alleges his counsel was ineffective because he failed to call a witness named "Lucky" even though Petitioner repeatedly asked him to do so.  (Mot. at 11-12.)  He asserts Lucky's testimony "would had have a great impact and undermine the government's trial theory regarding to that [Petitioner] was Brockus's drug and tax collector, and the outcome of the trial would be different."  (*Id.* at 12.)  He refers to his own declaration as support for this contention, but no such declaration was attached to his motion.

This is insufficient to satisfy the first prong of *Strickland*.  Petitioner has not shown that "Lucky" was actually available and willing to testify.  *See United States v. Harden*, 846 F.2d 1229, 1231-32 (9th Cir. 1988) (trial counsel was not ineffective in failing to call a witness where there was no record establishing that witness was prepared to testify).  Moreover, Petitioner has not established that "Lucky" would have provided useful testimony, much less a probability that the testimony would have resulted in a different result at trial.  Finally, he has not shown what evidence this witness would have provided, rendering the claim speculative.  *See Dows v. Wood*, 211 F.3d

United States District Court
Central District of California

490, 486 (9th Cir. 2000) (ineffective assistance not shown where habeas petitioner failed to provide an affidavit from the relevant witness indicating he would have provided helpful testimony).

The same flaws doom Petitioner's claim that his trial counsel was ineffective because he did not call Scott Bowman to testify, i.e., failure to show the witness was available, willing to testify, and able to give testimony that would have doubt as to Petitioner's guilt.  Even assuming that Petitioner is claiming Bowman would have given evidence about his misconduct in other cases that resulted in felony charges and a federal prison term, such an argument would be barred for at least two reasons.  This Court granted the Government's motion in limine to bar such evidence, and Petitioner did not challenge that ruling on direct appeal.  Claims that could have been, but were not, raised on appeal are cognizable in § 2255 motions.  *United States v. Frady*, 456 U.S. 152, 168 (1983) (a collateral challenge is not a substitute for an appeal); *Sunal v. Large*, 332 U.S. 174, 178 (1947) ("So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of habeas corpus will not be allowed to do service for a direct appeal"); *United States v. Dunham*, 767 F.2d 1395, 1397 (1943) ("Section 2255 is not designed to provide criminal defendants repeated opportunities to

overturn their convictions on grounds which could have been raised on direct appeal.").  Furthermore, the jury did hear of Bowman's misconduct, through FBI Special Agent Matthew Tylman.  (Cr. Doc. No. 2106, RT at 8-59.)

"There are countless ways to provide effective assistance in any given case."  *Strickland*, 466 U.S. at 689.  Petitioner cannot prevail by showing that an alternative strategy was reasonable or that counsel failed to pursue it.  He must allege facts supporting an inference that his attorney's strategy or the execution of it was *unreasonable*.  He has failed to do so, and his fifth and sixth claims fail.

## IV.   CONCLUSION

For the reasons set forth above, the Court DENIES the Motion and dismisses this action with prejudice.

**IT IS SO ORDERED.**

Dated:    3/24/21

Virginia A. Phillips
United States District Judge

United States District Court
Central District of California

17